A92A0616. NELSON v. THE STATE.
(419 SE2d 502)

JOHNSON, Judge.

Richard Charles Nelson appeals from his conviction of two counts of sale of cocaine and the denial of his motion for a new trial.

1. Nelson's first two enumerations of error, that the trial court erred in denying his motion for a directed verdict of acquittal and in denying his motion for a new trial, are based on the assertion that there was insufficient evidence at trial to support the jury's verdict. These enumerations are without merit.

The State's primary witness was an undercover police officer who testified that on two separate occasions he purchased cocaine from Nelson. Each transaction lasted several minutes and occurred in Nelson's place of business. The officer testified that he was certain about his identification of Nelson as the perpetrator. The State also presented evidence that the substances sold to the undercover officer by Nelson were in fact cocaine. Reviewing all the evidence in the light most favorable to the jury's decision, we conclude that a rational trier of fact could have found Nelson guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nelson claims that the trial court erred in denying his motion for a mistrial on the ground that his character was improperly placed into evidence by a witness' reference to his prior criminal convictions. We disagree.

Nelson called his mother as a witness and the following exchange took place during the prosecuting attorney's cross-examination of her: "Q. So he's lived with you until he was twenty six years old? A. Back and forth when he wasn't in jail." Nelson made a motion for a mistrial, which the court denied. The court offered to give immediate

curative instructions to the jury. Instead, Nelson asked the court to wait and give the curative instructions as part of its general charge to the jury after the close of all the evidence. The court complied with counsel's request and, as part of its final charge to the jury, instructed them that the comment by Nelson's mother should be disregarded, that it had no probative value and that the burden of proof never shifts to the defendant. Nelson's attorney stated that he thought the court's instructions were appropriate and he had no objections to the charge.

"When a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b)." (Punctuation and citations omitted.) *Perry v. State,* 191 Ga. App. 589, 590 (1) (382 SE2d 402) (1989). In the instant case, we find that Nelson's character was not placed into issue because the witness gave a non-responsive answer to the prosecutor's question. The State did not directly solicit the information and it does not appear that the State anticipated the response.

Nonetheless, even if the witness' statement did place Nelson's character in issue, the trial court did not abuse its discretion in denying the motion for a mistrial. "The decision of whether statements which impermissibly place a defendant's character in issue are so prejudicial as to warrant a mistrial (is for) the discretion of the trial court. (Appellate courts) will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." (Punctuation and citations omitted.) *Freese v. State,* 196 Ga. App. 761, 762-763 (1) (396 SE2d 922) (1990). Here, the unresponsive statement of Nelson's own witness did not necessarily imply that he had prior criminal convictions. Moreover, the court, in accordance with Nelson's request, gave appropriate curative instructions to the jury to disregard the statement. In light of these factors and all the evidence presented, it is unlikely that the statement affected the jury's verdict. Accordingly, we find no error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1992 —
RECONSIDERATION DENIED JUNE 2, 1992.

*Abbot, Murphy & Harvey, Fred K. Harvey, Jr.,* for appellant.
*Richard A. Malone, District Attorney, William S. Askew, Assis-*

*tant District Attorney,* for appellee.