A94A1562. SCOTT v. THE STATE.
(450 SE2d 456)

RUFFIN, Judge.

Jeffery Scott appeals his conviction for possession of cocaine with intent to distribute.

Scott was arrested after he was observed throwing plastic bags containing cocaine out his car window when confronted by several police officers. At trial, the following exchange took place between the prosecutor and a State's forensic witness concerning the bags: "Q. Did

you have occasion to receive some evidence from Colleen Riley marked Jeffery Scott, or marked with a case number? A. Yes, sir, I have on several occasions. In particular, the case we're referring to. I did receive some evidence from Colleen. It's an inter'laboratory transfer."

After the jury was removed from the courtroom, Scott moved for a mistrial, arguing the statement brought his "prior activity in to the attention of the jury." The witness explained to the court that he was not specifically referring to Scott and only meant that he received evidence from Colleen Riley on several occasions in a number of cases. The court denied the motion, instructed the witness to explain his answer to the jury, and stated it would give a curative instruction if necessary. At the close of evidence, Scott again moved for a mistrial on the same grounds. The court again denied the motion and Scott refused curative instructions. Although the witness explained his answer, Scott contends the trial court erred in failing to grant his motion for a mistrial on the ground that his character was impermissibly placed into evidence.

"[N]o evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). "When a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b). . . . The decision of whether statements which impermissibly place a defendant's character in issue are so prejudicial as to warrant a mistrial is for the discretion of the trial court. Appellate courts will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed [by the appellate court] include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." (Citations, punctuation and indention omitted.) *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992).

In this case, the answer given by the witness was capable of more than one interpretation. Although the answer could be interpreted as evidence of Scott's character, we do not believe it necessarily implied Scott had prior convictions, thereby placing his character in issue. Moreover, any confusion or prejudice created by the answer was remedied by the witnesses' explanation of the answer. "In light of these factors and all the evidence presented, it is unlikely that the statement affected the jury's verdict." Id. We find no error.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*John V. Lloyd,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney,* for appellee.