S05G1156. PITTS v. THE STATE.
(627 SE2d 17)

SEARS, Chief Justice.

We granted certiorari in this case to determine whether the Confrontation Clause of the United States Constitution is violated by the admission, during a criminal trial, of a tape-recording of a 911 emergency telephone call when the caller does not testify at trial. We hold that the Confrontation Clause is not violated where, as here, the caller's primary purpose is not to provide evidence against the accused, but rather, to thwart an ongoing crime or seek rescue from immediate peril. Accordingly, we affirm the Court of Appeals.[1]

In *Crawford v. Washington,* the United States Supreme Court held that the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.[2] When the statement at issue is non-testimonial in nature, however, the State's normal rules regarding the admission of hearsay apply.[3] The Supreme Court declined to delineate the precise contours for determining whether a statement qualifies as testimonial, but did provide some helpful analysis in that regard.[4]

The Supreme Court found that for those statements that "bear testimony" against the accused, the defendant's right of "confrontation" was the only historically dependable means of testing the reliability of that statement.[5] Testimony is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact."[6] Thus, the Confrontation Clause would prohibit the introduction of a formal statement to a government officer made in an effort to establish an evidentiary case, such as that which occurs during a police investigation.[7] The Supreme Court also found that a statement

---

[1] *Pitts v. State,* 272 Ga. App. 182 (2) (612 SE2d 1) (2005).
[2] 541 U. S. 36, 68 (124 SC 1354, 158 LE2d 177) (2004).
[3] Id.
[4] Id.
[5] Id. at 51.
[6] Id.
[7] Id.

might also be considered testimonial if it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."[8]

Numerous cases around the country have addressed the issue of whether a 911 telephone call should be considered testimonial. Some courts have concluded that a 911 recording is always testimonial, because it involves a statement to a government officer that an objective person understands could always be used in a future prosecution.[9] Some courts, on the other hand, have concluded that because a 911 call is initiated by a citizen, rather than an instrument of the State, and is not "knowingly given in response to structured police interrogation," it should not be considered testimonial.[10] We now hold, however, consistent with the majority view, that the determination of whether the recording of a 911 phone call is testimonial should be made on a case-by-case basis.

Where the primary purpose of the telephone call is to establish evidentiary facts, so that an objective person would recognize that the statement would be used in a future prosecution, then that phone call "bears testimony" against the accused and implicates the concerns of the Confrontation Clause. Such a situation is exemplified by the case of *State v. Powers*.[11] Using a case-by-case analysis, the court in *Powers* found that the 911 call, in which the caller reported the defendant for a recent parole violation, was testimonial because it was made to report a completed violation of law and to assist law enforcement in the apprehension and/or prosecution of the perpetrator.[12] The caller was not in immediate peril, but was calling to report the defendant's whereabouts, description, and the fact that he had violated an earlier court order.[13] Thus, the primary purpose of the statement was to establish evidence that could be used in a future prosecution, and the statement was testimonial.[14]

Where, on the other hand, the telephone call is made to avert a crime in progress or to seek assistance in a situation involving immediate danger, then the statements made during the phone call are not testimonial. In *People v. Conyers*,[15] for example, the court

---

[8] Id. at 51-52.

[9] *People v. Dobbin*, 6 Misc. 3d 892, 896-897 (N.Y. 2004); *People v. Cortes*, 4 Misc. 3d 575, 596 (N.Y. 2004).

[10] *People v. Corella*, 122 Cal. App. 4th 461, 468-469 (2004).

[11] 124 Wash. App. 92, 101-102 (2004).

[12] Id.

[13] Id.

[14] See also *People v. West*, 355 Ill. App. 3d 28, 40-41 (2005) (finding a 911 call to be non-testimonial because it was not made to initiate a police prosecution or in response to a deliberate interrogation).

[15] 4 Misc. 3d 346, 350 (N.Y. 2004).

found that the recording of a 911 call was non-testimonial where the call was made while the crime was in progress, by a panicked caller whose primary purpose was to seek assistance to prevent the completion of an ongoing crime. The caller in that instance, the court found, was not concerned with establishing evidentiary facts or "bearing testimony" against the defendant.[16] We find that the same analysis is applicable here, and that the recording of the 911 phone call in this case is non-testimonial.[17]

The 911 phone call in this case was made by Amy Pitts, the wife of the defendant Ryan Craig Pitts and victim of the crime, while the crime was ongoing. She stated that her husband had broken into her home, that another man was on the porch, and that she needed police to immediately come to her home and help her. After describing the situation, Amy is heard screaming "Get away from me," and the call was disconnected. The 911 operator called back immediately, and after several attempts, eventually got Amy back on the phone. After stating much of the same information again, the call was once again disconnected. The 911 operator again called back, and when Amy was finally able to answer the call, she told the operator that the defendant was running around the house without any clothes on, that he was violating his parole by being in the house, and that she needed assistance. After Amy again is heard screaming at the defendant, the call was disconnected for a final time.

When the police arrived, they found the scene much the same as the caller had described. One officer, while looking through a window in the back of the house, witnessed Pitts holding the victim down on the bed. When Pitts saw the officer, he fled towards the front of the house, but was eventually subdued by the police.[18]

Amy Pitts asserted her marital privilege and did not testify at trial, thus rendering her "unavailable" at trial.[19] The trial court

---

[16] Id.

[17] See *Leavitt v. Arave*, 371 F3d 663, 683, n. 22 (9th Cir. 2004) (call made on the night before caller's murder, where she claimed the defendant was prowling around her house, was non-testimonial because it was made to seek help in situation of immediate peril); *People v. Moscat*, 3 Misc. 3d 739, 746 (N.Y. 2004) (911 call made to seek help not testimonial); *Gamble v. State*, 831 NE2d 178, 183 (Ind. 2005) (911 call not testimonial where primary purpose of caller was to inform medical personnel that someone had been injured). See also *State v. Wright*, 686 NW2d 295, 302 (Minn. App. 2004) (911 call made moments after crime occurred, where caller is still subject to the stress of the prior event, is not testimonial).

[18] The Court of Appeals also ruled that statements the victim gave to police after they had arrested Pitts did qualify as testimonial, and thus, the admission of those statements violated the Confrontation Clause. *Pitts*, 272 Ga. App. at 186-187. See *Moody v. State*, 277 Ga. 676 (4) (594 SE2d 350) (2004) (statement to police during field investigation qualifies as testimonial). The Court of Appeals found the error to be harmless, however, and we do not disturb that holding.

[19] *Farmer v. State*, 266 Ga. 869, 870, n. 1 (472 SE2d 70) (1996).

admitted the entire recording, and we find no error under the present circumstances. However, we do caution that in certain circumstances a caller may shift from a non-testimonial statement into a testimonial one. When Amy Pitts explained to the operator that her husband had violated his parole and that he was "wanted," she came close to providing testimonial evidence.[20] Because the crime was still ongoing in her immediate presence, however, her primary purpose remained the prevention of immediate harm to herself, and her statements regarding her husband's parole violation were made to illustrate the prior difficulties that made the current situation such a dangerous one. In future cases, trial courts must decide whether a caller's primary purpose has shifted in such a manner as to render portions of the call testimonial in nature, and should selectively redact portions of the recording when that is the case.

The statement in this case, made while the crime was in progress for the purpose of seeking immediate assistance, was not testimonial. Thus, the statement was admissible if it qualified under one of Georgia's hearsay exceptions.[21] We find no error in the Court of Appeals' determination that these statements qualified under the res gestae or excited utterance exceptions to the hearsay rule.[22]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney, Samuel K. Barger, Assistant District Attorney*, for appellee.

---

[20] See, e.g., *Powers*, 124 Wash. App. at 101 (911 call discussing defendant's completed violations of court order are testimonial).

[21] *Crawford*, 541 U. S. at 68.

[22] *Pitts*, 272 Ga. App. at 187.