## A06A1170. LITTLE v. THE STATE.
(633 SE2d 403)

ELLINGTON, Judge.

A Henry County jury found Brenda Lee Little guilty of trafficking in methamphetamine, OCGA § 16-13-31. Little appeals from the judgment of conviction, contending the trial court erred by denying her pre-trial motion to reveal the identity of a confidential informant and by admitting testimony during trial regarding the confidential informant's tip. Finding no error, we affirm.

The record reveals the following relevant evidence. On September 17, 2003, a narcotics officer with the McDonough Police Department arranged to purchase methamphetamine with the assistance of a confidential informant. The confidential informant called the seller on the phone, and then conveyed the details of the meeting to the officer, who neither participated in nor listened to the unrecorded call. The informant told the officer when and where the sale would occur, and gave the officer a description of the seller and her car. At

---

the arranged time, the officer and the informant went to the meeting place, a Wal-Mart parking lot, in separate cars. The seller arrived shortly thereafter and parked a short distance from the informant, who did not participate further in the transaction. Both the seller and her car matched the descriptions provided by the informant.

When the officer walked toward the seller's parked car, he was wearing his badge on a chain around his neck. As he approached the car, the seller concealed something beneath her leg. When the officer reached the seller's car, he saw, in plain view on the car seat, a glass pipe commonly used for smoking methamphetamine or crack cocaine. Concerned the seller might have a weapon, the officer identified himself and asked the seller to step out of the car. When she complied, the officer noticed a large roll of cash that had been concealed beneath the seller's leg and a bag of what appeared to be marijuana. The officer asked for and received consent to search the seller's car.

During the search of the car, the officer found 151 grams of methamphetamine in two backpacks, a small amount of suspected crack cocaine, a set of portable digital scales, empty plastic bags, rolling papers, gas torch lighters, pipes used for smoking drugs, a residue-encrusted spoon, a price list, and notebooks with lists of phone numbers. A registration card recovered during the search of the car identified the car's owner as Brenda Lee Little. The officer identified Little in court as the seller.

1. Little contends the trial court erred in denying her motion to reveal the identity of the confidential informant because the witness was necessary to show she did not consent to the search of her car.

The trial court did not err in refusing to compel the State to reveal the identity of the confidential informant because Little failed to show that the informant was the only person whose personal knowledge would confirm or refute a material defense to the charge of trafficking in methamphetamine. See *Binns v. State*, 237 Ga. App. 719, 721 (3) (516 SE2d 583) (1999) (informant was not the only person whose personal knowledge would confirm or refute a material defense to the charge of trafficking in cocaine); see also *Ivory v. State*, 234 Ga. App. 858, 860 (2) (508 SE2d 421) (1998) (test for determining whether identity of informant should be revealed).[1]

---

[1] We note that public policy in Georgia favors nondisclosure of an informant's identity. In fact, OCGA §§ 24-9-21 (4) and 24-9-27 (d) "prohibit disclosure of the identity of a confidential informant who was not an eyewitness to the offense being prosecuted, although the informant may have seen the defendant in possession of the contraband at an earlier time, but did not participate in the offense." (Footnote omitted.) *Turner v. State*, 247 Ga. App. 775, 777 (2) (544 SE2d 765) (2001).

Here, although the informant arranged the sale by telephone, there is no evidence that she[2] actually participated in the transaction in the parking lot. Further, while the informant may have been in a position to witness Little's encounter with the officer, she was not the only person present who could have testified about what occurred. According to Little's own testimony, her 13-year-old son and an adult friend were both present during the encounter. Finally, although Little claims the informant was the only witness who could contradict the State's witnesses on the issue of her consent, whether Little consented to the search was not material to her defense. As the court pointed out in its ruling denying Little's motion to suppress, the officer was authorized to arrest Little for possession of the marijuana he saw in plain view even before her consent to search the car was given — a ruling Little does not challenge on appeal. Because the officer had authority to arrest Little for possession of marijuana, he had the authority to search the car incident to a lawful arrest. See *Tutu v. State*, 252 Ga. App. 12, 13-14 (1) (555 SE2d 241) (2001) (in searching a car under the search-incident-to-arrest exception, an officer may search the entire passenger compartment of the car and any closed containers therein). Under these circumstances, Little's consent was not material to her defense. Therefore, the trial court did not err in denying her motion to reveal the identity of the confidential informant.

2. Little contends the trial court erred in admitting, through the testimony of the arresting officer, information touching upon the confidential informant's tip. She contends the admission of the officer's testimony violated her right to confront and cross-examine a witness against her pursuant to the Confrontation Clause of the Sixth Amendment of the United States Constitution and *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).[3]

In *Crawford v. Washington*, the United States Supreme Court held that the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. When the statement at issue is non-testimonial in nature, however, the State's normal rules regarding the admission of

---

[2] Although the prosecutor opined that Little knew the informant's identity, we see scant evidence of that in the record. At most, during the motion hearing, Little referred to the informant as "she."

[3] We do not address whether the officer's testimony would be admissible under Georgia hearsay law as original evidence as that issue is not squarely before us. See OCGA § 24-3-2 and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984).

hearsay apply. The Supreme Court declined to delineate the precise contours for determining whether a statement qualifies as testimonial, but did provide some helpful analysis in that regard. . . . Testimony is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." Thus, the Confrontation Clause would prohibit the introduction of a formal statement to a government officer made in an effort to establish an evidentiary case, such as that which occurs during a police investigation. The Supreme Court also found that a statement might also be considered testimonial if it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."

(Footnotes omitted.) *Pitts v. State*, 280 Ga. 288, 288-289 (627 SE2d 17) (2006).

Little challenges three specific exchanges between the prosecutor and the State's police witness and argues that the exchanges run afoul of *Crawford v. Washington,* supra. Little objected to the following: (1) The prosecutor asked the officer if he knew "what type of vehicle the person that was coming to the Wal-Mart would be driving?" The officer answered: "Yes, sir." (2) The prosecutor asked: "At some point did you observe a car in the parking lot that matched the description you had been given?" Following an objection and the court's instruction to the jury that the officer's testimony was being admitted for the limited purpose of explaining his conduct, the officer answered: "Yes, sir." (3) The prosecutor also asked the officer if he told the informant "specifically what drugs you wanted [the seller] to bring to the Wal-Mart?" He answered: "Yes, sir."[4]

None of the testimony challenged by Little actually repeats an out-of-court statement uttered by the declarant, the confidential informant. Of course, a jury could infer from the exchanges that the officer was guided to Little by the informant's descriptions of the seller and her car. However, pretermitting whether any of the informant's implied statements could be considered "testimonial," the officer's trial testimony in this particular case did not create a credibility problem that could only be cured by cross-examination of the informant. This is because, as the trial court explained in its instruction and ruling, whether Little and her car matched the informant's descriptions was not being offered by the State to establish the truth of those matters; rather, it was offered for the limited

---

[4] Little also asked the officer similar questions on cross-examination. For example: "And did the informant give you a description of Ms. Brenda Little?" The officer responded: "Yes, sir."

purpose of explaining why the officer went to the Wal-Mart and why he approached the seller's car.[5] As the United States Supreme Court noted, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U. S. at 59, n. 9. In this case, the officer's testimony referenced the informant's tip only to the extent necessary to provide context or background information explaining his presence in the parking lot and his conduct in approaching Little's car.

In examining a similar exchange between a prosecutor and an investigating officer concerning similarly limited background information provided by an informant, the United States Court of Appeals for the Sixth Circuit explained:

> [The defendant's] Confrontation Clause rights were not violated by this testimony. This exchange at least arguably did not even put before the jury any statements made by the CI. Even if testimonial statements of an out-of-court declarant were revealed by this testimony, [the defendant's] confrontation right was not implicated because the testimony was provided merely by way of background. See *United States v. Martin*, 897 F2d 1368, 1371-1372 (6th Cir. 1990) (finding Confrontation Clause not implicated where assertions not offered for their content, but merely to explain why government commenced investigation). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford* [*v. Washington*, supra]. Any out-of-court statements alluded to by [the officer] at this juncture served the purpose of explaining how certain events came to pass or why the officers took the actions they did. Because the statements were not offered to establish the truth of the matter asserted, the Confrontation Clause does not apply.

(Citations and footnote omitted.) *United States v. Cromer*, 389 F3d 662, 676 (II) (A) (6th Cir. 2004).

For these reasons, the trial court did not violate Little's constitutional right to confront and cross-examine a witness against her by admitting the officer's testimony. We find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[5] Little acquiesced in this ruling and presented no argument on appeal challenging the assumption that the officer's testimony explaining his conduct was necessary or relevant to an issue in the case.

Decided June 21, 2006.

*Michael E. Bergin*, for appellant.

*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney*, for appellee.