A07A0478. JENNINGS v. THE STATE.
(648 SE2d 105)

RUFFIN, Judge.

A Chatham County jury found Marcus J. Jennings guilty of armed robbery, hijacking a motor vehicle, and obstruction.[1] Jennings appeals, alleging that the trial court erred in admitting certain evidence and in charging the jury. For reasons that follow, we affirm.

---

[1] The jury found Jennings not guilty on two counts of possessing a firearm during the commission of a felony.

Viewed in a light favorable to the verdict,[2] the evidence shows that on July 14, 2005, Willie James Jones left a barber shop and walked toward the parking lot where he had parked his fiancée's vehicle. As Jones approached the vehicle, he passed Jennings, who was standing outside a nearby restaurant. Jennings approached Jones from behind and pointed two handguns at him. Jennings directed Jones to get into the vehicle, empty his pockets, and start the engine. After Jones complied, Jennings forced him to exit the vehicle, and Jennings entered the car and drove away.

Jones racially described his assailant as a male in his early twenties, approximately six feet tall and 170 pounds, with light skin, short hair, a clean-shaven face, and gold teeth, and wearing a hat, a striped shirt, and jeans. After the robbery, Jones and his fiancée, Katrina Martin, obtained Jennings's name and gave it to the police. The authorities prepared a photographic lineup that included Jennings's picture, and on July 21, 2005, Jones positively identified Jennings as his assailant.

Approximately one month after the robbery, Martin's car had not yet been recovered, so she decided to find Jennings and question him. Martin observed a man on Tall Pine Avenue that matched Jones's description of the robber. Martin asked the man whether his name was Marcus, and he nodded. Martin approached him, asked him why he had taken her vehicle, and requested that he "make [it] turn up." According to Martin, Jennings did not verbally respond to her questions, but simply nodded his head; he did not deny taking her vehicle.

On September 17, 2005, police saw Martin's vehicle being driven and attempted to stop it, but the driver sped away. One of the officers followed and observed the male driver stop the vehicle on the side of the road and flee on foot. Police recovered the vehicle — in the same area as Tall Pine Avenue — but were unable to locate the driver at that time. Later that day, police went to Tall Pine Avenue to serve the arrest warrant on Jennings. Jennings fled and officers pursued him, eventually apprehending him at a residence on Tall Pine Avenue. The arresting officer described him as twenty years old, 175 pounds, six feet, two inches tall, with short hair.

Before the trial began, Jennings's counsel advised the court that Jones had gotten Jennings's name through hearsay. The jury did not hear any details regarding the alleged hearsay; instead, Jones merely testified that he got the name Marcus Jennings and supplied it to police. Jones also identified Jennings as his assailant and Martin identified Jennings as the individual she confronted regarding her

---

[2] See *Clark v. State*, 271 Ga. App. 534 (1) (610 SE2d 165) (2005).

vehicle. The jury found Jennings guilty of armed robbery, hijacking a motor vehicle, and obstruction, and this appeal followed.

1. Jennings contends that the victim's testimony that he provided Jennings's name to authorities was testimonial hearsay, the introduction of which violated his right to confront and cross-examine a witness against him pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution and *Crawford v. Washington.*[3] Jennings also challenges a detective's testimony that he obtained Jennings's name from Jones and Martin. We find no error.

"In *Crawford v. Washington,* the United States Supreme Court held that the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination."[4] Here, neither witness actually repeated any alleged hearsay regarding Jennings as the perpetrator.[5] Instead, Jones and the detective simply testified that Jones provided Jennings's name to the authorities. Thus, the evidence "did not create a credibility problem that could only be cured by cross-examination of the [witness]."[6] As the trial court explained in its ruling, the State did not offer the evidence to establish the truth of the matter; rather, it was offered for the limited purpose of explaining why the police included Jennings's photograph in the lineup. The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."[7] Under these circumstances, the trial court did not violate Jennings's right to confront and cross-examine a witness by admitting the testimony of Jones and the detective.[8]

2. Jennings requested that the trial court instruct the jury that the testimony that Jones provided Jennings's name to the police was admissible solely to explain conduct, and the trial court failed to do so. Specifically, Jennings proposed the following charge:

> You have heard testimony regarding a tip that was given to the witness Willie Jones through which he obtained the name Marcus Jennings prior to meeting with Detective

---

[3] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[4] *Pitts v. State,* 280 Ga. 288 (627 SE2d 17) (2006).

[5] See *Little v. State,* 280 Ga. App. 60, 63 (2) (633 SE2d 403) (2006).

[6] See id.

[7] *Crawford,* 541 U. S. at 59 (IV), n. 9.

[8] See *Little,* supra at 63-64 (admission of officer's testimony that he approached defendant's car based upon information provided by confidential informant did not violate Confrontation Clause because it was admitted merely to explain officer's conduct).

> Polite to review a photographic lineup. Please be advised that the tip is not being offered to prove the truth of the tip. The sole purpose of the tip being offered into evidence at trial is to explain the motive and conduct of Willie Jones.

Jennings urges that the trial court's failure to give the limiting instruction was error.[9]

We find no error. The requested charge contains instructions regarding the purpose of admitting "a tip." Here, the jury heard only that the victim provided Jennings's name to authorities. It did not hear testimony regarding any tip. The requested charge was not "tailored to the facts of this particular case, and as tendered, it was potentially confusing to the jury."[10] "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper."[11] As Jennings has not shown that the requested charge was authorized by the evidence, the trial court did not err in omitting the charge.[12]

3. Jennings contends that the trial court erred by refusing to give a "thorough instruction setting forth the problems with identification testimony, the susceptibility of identification testimony to error, and providing some recognition of deficiencies with respect to identification testimony." Again, we find no error.

Jennings submitted a written jury charge regarding the limitations of identification testimony that tracked the language in the proposed jury charge provided in *United States v. Burrous*.[13] The trial court declined to give the proposed charge and, instead, gave the pattern charge on eyewitness identification.[14] This Court has previously concluded that "[w]hile *Burrous* may be considered for its persuasive value, it is not binding on this Court."[15] Our Supreme Court has recognized the limitations of eyewitness identification,[16] and Georgia permits the introduction of expert testimony to "assist

---

[9] See *Harrell v. State*, 241 Ga. 181, 186 (2) (243 SE2d 890) (1978).

[10] *Lindley v. State*, 225 Ga. App. 338, 342 (2) (a) (484 SE2d 33) (1997).

[11] *Brown v. State*, 232 Ga. App. 787, 790 (1) (d) (504 SE2d 452) (1998).

[12] See id.; *Lindley*, supra; compare *Harrell*, supra (trial court erred in failing to give a proper written request that certain testimony would be admissible solely for the limited purpose of explaining conduct).

[13] 934 FSupp. 525 (E.D. N.Y. 1996).

[14] The trial court properly excluded that portion of the previous pattern charge stating that jurors could consider the level of certainty demonstrated by the witness as a factor in evaluating the reliability of eyewitness identification. See *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005).

[15] *Armstead v. State*, 255 Ga. App. 385, 387 (2) (565 SE2d 579) (2002); see *Brown v. State*, 278 Ga. 544, 549 (11), n. 9 (604 SE2d 503) (2004).

[16] See *Brodes*, supra at 440-442.

the jury in assessing the reliability of eyewitness testimony."[17] Indeed, Jennings could have offered such testimony, but did not do so. However, we find no authority for Jennings's contention that his requested charge, or some facsimile thereof, is required in Georgia. And the current pattern charge on identification, as given by the trial court in this case, has been tacitly approved by the Supreme Court.[18] Thus, this allegation of error presents no basis for reversal.

4. Jennings further challenges the admission of a portion of his mother's testimony. During cross-examination, the prosecutor asked Willa Mae Jennings if her son "bumm[ed] rides" from friends. The witness responded that "he don't bum ride[s], he got one special friend he be with, he don't get in no trouble, Tony." At the urging of the trial court, the prosecutor followed up and Mrs. Jennings replied: "Yeah, Marcus [Jennings] get in trouble. He done been in trouble before." Then, when the prosecutor asked whether Jennings had a driver's license or an identification card, Mrs. Jennings responded: "He have an ID he had at, when he went — when he went up the road, when he been in jail before."

On appeal, Jennings argues that his mother's testimony impermissibly placed his character in issue. Although Jennings objected to the testimony at trial, his failure to object on the specific ground he now asserts on appeal precludes our consideration of this argument.[19] And because Jennings neither moved for a mistrial nor requested curative instructions, this argument presents no basis for reversal, as "[i]n no case will the trial judge's ruling be reversed for not going further than requested."[20]

Pretermitting Jennings's failure to specifically and properly preserve his objection to the testimony, this enumeration is without merit. "[M]ere mention that a defendant has been in jail falls short of placing his character at issue."[21] And, "[w]hen a witness gives a non-responsive answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue."[22] Here, Jennings's "character was not placed into issue because the witness gave a non-responsive answer to the prosecutor's question. The State did not directly solicit the information and it does

---

[17] *Johnson v. State*, 272 Ga. 254, 257 (1) (526 SE2d 549) (2000).

[18] See *Brodes*, supra.

[19] See *Jackson v. State*, 284 Ga. App. 619, 626-627 (9) (644 SE2d 491) (2007).

[20] *Zellner v. State*, 260 Ga. 749, 750 (3) (b) (399 SE2d 206) (1991); see also *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

[21] *Taylor v. State*, 272 Ga. 559, 561 (2) (c) (532 SE2d 395) (2000).

[22] (Punctuation omitted.) *Nelson v. State*, 204 Ga. App. 409, 410 (2) (419 SE2d 502) (1992).

not appear that the State anticipated the response."[23] Therefore, this enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JUNE 11, 2007 — 

*Bouhan, Williams & Levy, David B. Dennison*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.