[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10638
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00303-WS-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN ROBERT TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 5, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jonathan Robert Taylor appeals his convictions for possession with intent to

distribute cocaine, 21 U.S.C. § 841(a)(1) ("Count 1"), and possessing a firearm in

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) ("Count 2").  On

appeal, he argues that: (1) the district court erred in denying his pretrial motion to suppress evidence; (2) the district court abused its discretion in admitting a muted video recording of the defendant at trial; (3) the admission of the video clip violated the Confrontation Clause; and (4) the district court erred in denying his motion for a judgment of acquittal on the claim that Count 2 was supported by insufficient evidence.  After careful review, we affirm.

A district court's ruling on a motion to suppress presents a mixed question of law and fact.  United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999).  We review the district court's factual findings for clear error, and review its application of the law to the facts de novo.  Id.  All facts are construed in the light most favorable to the party prevailing below.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).  The party challenging the search has the burdens of proof and persuasion.  United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998).

We review the district court's ruling on admission of evidence for abuse of discretion.  United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).  We will not overturn a district court's determination that a piece of evidence has been properly authenticated unless "there is no competent evidence in the record to support it."  United States v. Caldwell, 776 F.2d 989, 1001 (11th Cir. 1985) (quotation omitted).  We will reverse an erroneous evidentiary ruling only if the resulting error was not harmless.  United States v. Augustin, 661 F.3d 1105, 1123

2

(11th Cir. 2011); see also Fed. R. Crim. P. 52(a).  An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights."  United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990).  We need not reverse a conviction if the evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992).

We review the district court's ruling on a Confrontation Clause claim de novo.  United States v. Ignasiak, 667 F.3d 1217, 1227 (11th Cir. 2012).  We also review the sufficiency of the evidence de novo, "view[ing] the evidence in the light most favorable to the government, reversing only if no reasonable trier of fact could have found guilt beyond a reasonable doubt."  United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004).  The jury is free to choose between or among reasonable conclusions that can be drawn from the evidence presented at trial, and we must accept all reasonable inferences and credibility determinations made by the jury.  United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006).

First, we are unpersuaded by Taylor's claim that the district court erred in denying his pretrial motion to suppress evidence.  The Supreme Court has established a totality-of-the-circumstances test for determining whether information obtained from a confidential informant is sufficient to find probable cause to authorize a search.  Illinois v. Gates, 462 U.S. 213, 230-31 (1983).  The

3

Supreme Court recognized that "probable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Id. at 232. Courts are to consider "the informant's veracity or reliability and his basis of knowledge," as well as "other indicia of reliability." Id. at 233 (quotation omitted). We've held that independent police corroboration -- as a per se rule in each and every case -- is not required. United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999). To that end, we've said that a potentially unreliable informant's detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitled his tip to greater weight than might otherwise be the case. Id.

A magistrate judge's probable cause determination is entitled to great deference from reviewing courts. Gates, 462 U.S. at 236. The magistrate judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238 (quotation omitted).

Here, the search warrant affidavit sufficiently established probable cause to search Taylor's apartment on Orleans Street, in Mobile, Alabama, even though Taylor was arrested on May 14, 2014 following an illegal drug transaction that

4

took place on Salvia Street (also in Mobile). The search warrant affidavit began by providing a summary of the officer's experiences working as a law enforcement officer, beginning in 2005, and more specifically, her experience working in drug enforcement. The officer then described the drug transactions that occurred between the defendant and the confidential informant at the Orleans Street address from May 12-14, 2014, and relayed that the informant admitted to purchasing powdered cocaine from Taylor at the Orleans Street address on numerous previous occasions. Based on the information provided in the affidavit, there was ample basis for concluding that that the informant was reliable -- among other things, the affidavit explains that the informant was used to facilitate the drug purchase that formed that basis for Taylor's arrest. Additionally, the affidavit sufficiently provides the basis for the informant's knowledge -- that he had personally purchased cocaine from Taylor on more than one occasion, including a purchase that occurred at the Orleans Street apartment just two days earlier.

In short, the affidavit gave a sufficiently detailed, firsthand description of alleged criminal activity that supported the magistrate judge's finding of a fair probability that contraband or evidence of a crime would be found in the Orleans Street apartment. We've said that corroboration of an informant's information is not always necessary, especially when firsthand descriptions are present. See Bundidge, 120 F.3d at 1353. Further, the timeliness of the informant's information

5

weighs in favor of the magistrate judge's conclusion that the information was reliable.    Thus, the information contained in the warrant -- particularly the information provided by the confidential informant -- was sufficient to establish probable cause.  See Gates, 462 U.S. at 230-31.

We are also not convinced by Taylor's claim that the district court abused its discretion in admitting, at trial, a muted video clip recording of an alleged illegal drug transaction between himself and the confidential informant.  Before an item of evidence may be admitted, the Federal Rules of Evidence require it to be authenticated with evidence "sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Proper authentication requires only that the proponent of the evidence make out a prima facie case that the proffered evidence is what it purports to be.  United States v. Belfast, 611 F.3d 783, 819 (11th Cir. 2010).  Once this showing has been made, the evidence is admitted, and the ultimate question of its reliability is reserved for the fact finder. Id.  Evidence may be authenticated by its "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . taken together with all the circumstances." Fed. R. Evid. 901(b)(4).  Authentication may be established "solely through the use of circumstantial evidence."  United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990).

6

Here, the district court did not abuse its discretion in admitting the video into evidence. The government presented sufficient evidence to make out a prima facie case that the video was, as purported, a depiction of Taylor at the Salvia Street address, just prior to his arrest, when he met with the confidential informant in a carport to effectuate a controlled drug purchase. For starters, the arresting officer testified that she had searched the informant prior to equipping him with the video equipment used to record the clip, and that she had followed the informant to the house depicted therein. Further, although the audio portion of the clip was not played for the jury, the arresting officer testified that she had reviewed the clip, and that it matched the live audio of the interactions that she had overheard at the time the clip was made. While the arresting officer acknowledged that she could not see into the carport while the informant was interacting with the defendant, under the circumstances, the government presented sufficient circumstantial evidence to make out a prima facie case that the video depicted the informant with the defendant in the carport where the arrest took place. See Smith, 918 F.2d at 510. Once the video was authenticated, the ultimate question of its reliability was a matter for the jury. See Belfast, 611 F.3d at 819. On this record, there was competent evidence in the record to support the district court's determination that the video was properly authenticated.

Next, we are unpersuaded by Taylor's argument that the admission of the video clip violated the Confrontation Clause. The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause serves to "ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." Maryland v. Craig, 497 U.S. 836, 845 (1990). The Supreme Court held that the Sixth Amendment permits the admission of "[t]estimonial statements of witnesses absent from trial . . . only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Crawford v. Washington, 541 U.S. 36, 59 (2004). The Federal Rules of Evidence define a "statement" as an (1) oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion. Fed. R. Evid. 801(a). The Confrontation Clause does not bar the "use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 541 U.S. at 59 n.9.

Here, Taylor argues that the admitted video, although muted, was nonetheless "an effective substitute for the [confidential informant's] testimony" that was improperly made "immune from cross examination" in violation of the Confrontation Clause. As the record reveals, however, the footage shown in the

8

muted video clip did not appear to depict the informant or the defendant, the only two individuals involved, making any "assertions." See Crawford, 541 U.S. at 51-52, 59; Fed. R. Evid. 801(a). Rather, all that the clip showed was, from the confidential informant's perspective, the defendant in the carport where the arresting officer testified he had been arrested moments after the video clip ended. During the clip, the confidential informant gets out of the car and walks towards the defendant; afterwards, the arrest signal was given and the police officers arrived on the scene. On this record, it is not clear that the footage of the confidential informant even contained testimonial statements for purposes of the Confrontation Clause. See United States v. Paradies, 98 F.3d 1266, 1291 (11th Cir. 1996), as amended (Nov. 6, 1996) ("[T]here are no nonverbal hearsay concerns with the videotape of money being passed." (quotation omitted)). Indeed, the Seventh Circuit dealt with a situation similar to the one here -- the admission of a muted videotape created by an informant wearing a hidden camera, that purportedly depicted the informant purchasing drugs from the defendant, and that was outside of the view of law enforcement overseeing the controlled purchase. United States v. Wallace, 753 F.3d 671, 674-75 (7th Cir. 2014). There, the Seventh Circuit held that admission of the video did not violate the Confrontation Clause, because the video did not constitute a "statement." Id.

9

But even assuming that the footage of the informant was somehow testimonial, it was not offered for its truth, but only to place the investigation and the footage of Taylor in context. In United States v. Price, 792 F.2d 994 (11th Cir. 1986), we held that the admission of an informant's half of a taped audio conversation did not violate the Confrontation Clause because "[t]he single purpose for admitting the [the informant's] statements was to make understandable to the jury the statements made by [the defendant] himself," and not to prove that the informant's statements were true. Id. at 997; accord United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990). So too here. Because the footage of Taylor and the informant was not hearsay, and because the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted," Crawford, 541 U.S. at 59 n.9, the district court did not err by admitting the muted video clip at Taylor's trial.

Finally, we find no merit to Taylor's claim that Count 2 was supported by insufficient evidence. Count 2 charged Taylor with a violation of 18 U.S.C. § 924(c)(1)(A), which provides enhanced penalties for possessing a firearm in furtherance of any drug trafficking crime for which a defendant is prosecuted. A firearm is possessed in furtherance of a drug trafficking offense when the firearm helped, furthered, promoted, or advanced drug trafficking. United States v. Williams, 731 F.3d 1222, 1232 (11th Cir. 2013). "[T]he presence of a gun within

10

the defendant's dominion and control during a drug trafficking offense is not sufficient by itself," rather, "there must be a showing of some nexus between the firearm and the drug selling operation." United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002) (quotation omitted).   This nexus can be established by evidence of the type of drug activity being conducted, accessibility of the firearm, the type of the weapon, whether the weapon was stolen, the status of the possession, whether the gun was loaded, its proximity to drugs or drug profits, and the time and circumstances under which the gun is found.  Id.  These factors are not exclusive; rather, they "distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." Id. (quotation omitted).

Here, there was sufficient evidence to support Taylor's conviction under § 924(c).  To begin with, Taylor was distributing cocaine, and the gun in question was found loaded and in close proximity to drugs.  Law enforcement officers found a 9mm Glock pistol loaded, in Taylor's apartment kitchen, where they also found a baggie of cocaine and one of marijuana, as well as a digital scale covered with cocaine residue.  At trial, the arresting officer testified that it was common for individuals selling drugs to keep handguns at home for protection, and further, that digital scales were commonly used to prepare drugs for sale.  A logical conclusion would be that the gun was present to protect Taylor's drugs from anyone who

would attempt to take it.  Therefore, a reasonable jury could have found that Taylor possessed the handgun "in furtherance" of trafficking in cocaine and there was sufficient evidence to support Taylor's § 924(c) conviction.

**AFFIRMED**.