## A91A0189. WATSON v. THE STATE.
(406 SE2d 509)

SOGNIER, Chief Judge.

Felix Watson was convicted of aggravated assault, and he appeals.

Evidence was adduced at trial that Jeff Davis was driving his truck in Athens on the night of February 5, 1990 when he drove around a group of people, including appellant, who were standing in the street. After something hit the truck, Davis backed the truck and stopped. The jury was authorized to find that after words were exchanged, appellant reached into the passenger window of the truck with a gun and fired once, hitting Davis.

1. Appellant contends the trial court erred by denying his motion in limine regarding a portion of a videotaped interview of him by Athens Police Officer Horace Fedrick, in which Fedrick told appellant the police "had enough evidence" against appellant. The transcript reveals that appellant was informed at the beginning of the interview that a warrant for his arrest had been obtained. However, during the interview, after Fedrick explained to appellant that his information was based on conversations with other witnesses and that these witnesses would be testifying at the trial, appellant began arguing about how the police could prove he shot anybody, and stated, "You know to go ahead and get that warrant." This led to Fedrick's remark that "[w]hat we are telling you right here[ is] what this warrant states. If we didn't believe we had enough evidence to say, hey, we have got it . . . [t]hat would be a different story."

Reading the challenged statement in the context of the entire interview, the transcript of which we have carefully reviewed, we agree with the State that Fedrick was merely informing appellant, during a section of the interview in which appellant was challenging the ade-

quacy of the police department's information, that the police had accumulated sufficient evidence to obtain the arrest warrant, and that Fedrick was not stating his opinion as to the ultimate issue for the jury, i.e., that there was enough evidence to convict appellant of the charged crime. Thus, we do not agree with appellant that the admission of this portion of the videotape constituted an impermissible comment by Fedrick on his opinion of an ultimate fact in the case so as to bring the statement within the prohibition set forth in *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755) (1985). Compare *Carroll v. State*, 185 Ga. App. 857, 858 (1) (366 SE2d 232) (1988) (witness improperly allowed to testify that appellant committed theft). Furthermore, the trial court carefully admonished the jury that "what other people had told [the officers] is hearsay and . . . is not admitted into evidence and is not to be accepted by you as true, as evidence of the truth of what the officers say other people told them. It is admitted only to enable you to comprehend the questions that the officers asked and the responses that [appellant] made in response thereto. You bear that carefully in mind. . . . What [appellant] said is admissible. What the officers said other people had told them or they believed or they had discovered is hearsay and is inadmissible and cannot be considered by you as evidence of the truth of what other people told them or what they believed or what they had discovered." Given the nature of the comment and the extensive curative instruction to the jury, we find no reversible error was committed by the introduction of the challenged statement.

2. Appellant contends the trial court erred by refusing to give his requested charge on the principle of accident. The trial court did charge the jury on self-defense as appellant requested. "The essence of the defense of accident is that the defendant's act was not intentional. The defense of self-defense, on the other hand, admits the intentional commission of the act, but seeks to justify the act based on the legal excuse that the defendant acted from reasonable fear of immediate serious harm. The defenses of accident and self-defense are therefore inconsistent, and a defendant generally is not entitled to a charge on both. [Cits.]" *Culbreath v. State*, 258 Ga. 373, 376 (4) (369 SE2d 29) (1988). Regardless of the reason why appellant drew his weapon, the discharge of the weapon inside the truck was the result of either an intentional or an unintentional act by appellant, and we find no error in the trial court's refusal to give appellant's requested charges on both accident and self-defense. The facts in the case sub judice clearly distinguish it from *Henderson v. State*, 153 Ga. App. 801, 806 (7) (266 SE2d 522) (1980), cited by appellant, in which giving charges on both self-defense and accident was appropriate because there was some evidence that after the defendant therein took a gun from the victim during an argument, the victim was shot when the

gun fired after the defendant tripped or fell.

3. We find no error in the trial court's refusal to give appellant's requested charge on the lesser included offense of pointing a gun at another. As clarified by the Supreme Court in *Rhodes v. State*, 257 Ga. 368 (359 SE2d 670) (1987), OCGA § 16-11-102 (misdemeanor pointing of a firearm) applies only where the victim is not placed in reasonable apprehension of immediate violent injury by the pointing of the firearm (e.g., when the victim is unaware a weapon has been pointed at him or her), since otherwise the act of pointing a firearm at a person comes within the definition of aggravated assault, OCGA §§ 16-5-20 (a) (2) and 21 (a) (2). Given the victim's testimony and appellant's own statement that he drew his firearm in response to the violence of the confrontation between the victim and him, no evidence was adduced to authorize the giving of the requested charge. See generally *Jones v. State*, 196 Ga. App. 877, 878 (397 SE2d 303) (1990).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

### DECIDED MAY 31, 1991.

*Kathleen J. Anderson*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.