## A93A1098. METTS v. THE STATE.
### (435 SE2d 525)

ANDREWS, Judge.

Antonio Metts appeals from the judgment entered on his convictions by a jury on a four-count indictment charging him with aggravated sodomy (Count 1); aggravated child molestation (Count 2); child molestation (Count 3); and sexual battery (Count 4). After the jury returned a verdict of guilty on all four counts, the trial court merged Count 2 with Count 1 and Count 4 with Count 3, and entered judgment of conviction and sentence only on Counts 1 and 3.

1. Metts claims the evidence was insufficient to support the convictions. The victim, a ten-year-old boy, testified and described in detail the acts constituting aggravated sodomy and other molestation performed on him forcefully and against his will by Metts as alleged in the indictment. Other witnesses testified that the victim told them about Metts' actions. Although Metts denied the charges, on appeal the evidence is examined in a light favorable to the verdict, and all conflicts resolved in favor of the verdict. *Self v. State*, 208 Ga. App. 447, 448 (431 SE2d 126) (1993). The evidence was sufficient for a rational trier of fact to find Metts guilty beyond a reasonable doubt of the offenses for which he was convicted and sentenced. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Metts claims the trial court erred in failing, without request, to charge the jury on his accident defense to Counts 3 and 4 of the indictment. The trial court merged Count 4 alleging sexual battery by physical contact with intimate body parts with Count 3, in which the State alleged that Metts was guilty of child molestation by placing his

hand on the victim's penis with the intent to arouse and satisfy his own sexual desires. Evidence showed that Metts and the victim both lived at the victim's grandmother's house, and slept in the same bed. The victim testified that Metts touched his penis by placing his hand on the outside of his pajamas. While Metts denied he intentionally touched the victim in the manner alleged, he did not claim the touching did not occur. Rather, he testified that while sleeping in the same bed with the victim, he may have unintentionally touched him.

"The essence of the defense of accident is that the defendant's act is not intentional." (Citation and punctuation omitted.) *Watson v. State*, 199 Ga. App. 825, 826 (406 SE2d 509) (1991); OCGA § 16-2-2. The record reflects that accident was the entire thrust of Metts' defense to the allegations of Count 3. See *Jones v. State*, 161 Ga. App. 610, 611-612 (288 SE2d 788) (1982). Even without request, when the defendant's sole defense is accident, the trial court must give appropriate instructions on this principle to call the defense to the jury's attention, and enable the jury to intelligently consider it. *Harris v. State*, 145 Ga. App. 675 (244 SE2d 620) (1978); *Jones*, supra at 612; *Owens v. State*, 173 Ga. App. 309, 312-313 (326 SE2d 509) (1985).

Metts' conviction and concurrent sentence for child molestation on Count 3 must be reversed. The conviction and sentence for aggravated sodomy on Count 1 is affirmed.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 8, 1993.

*Antje R. Kingma*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Anne G. Maseth, Assistant District Attorneys*, for appellee.