## A06A1253. HAYNES v. THE STATE.
### (635 SE2d 370)

MILLER, Judge.

Following a jury trial, Charlie Ray Haynes was convicted of five counts of child molestation. On appeal, he contends that the evidence was insufficient to sustain his convictions and that the trial court erred in failing to give his requested jury instructions on accident and on mere suspicion of a defendant's guilt as insufficient to support a conviction. We discern no error and affirm.

1. Haynes argues that the evidence was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged

offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that on numerous occasions, Haynes rubbed the breasts and vagina of his seven-year-old granddaughter while he played with her and while he was alone with her in his truck. Haynes also rubbed his granddaughter's breasts while they were watching television together at his home. Haynes told his granddaughter that she would get in trouble if she told her mother about the touching. He also gave his granddaughter chocolate to induce her to play with him when he would touch her sexually, coupled with the further reminder not to tell her mother about his touching her.

When confronted by police, Haynes initially denied having had any sexual contact with his granddaughter. He then changed his story and told police that he had fondled his granddaughter's vagina on "less than ten occasions." He later changed his story again, claiming that he could have accidentally touched his granddaughter's vagina when he picked her up to sit her down on the work bench in his tool shed.

The evidence that Haynes touched his granddaughter in a sexual manner on several occasions, his admission that he had fondled her, and his efforts to lure her into sexual situations while attempting to secure her silence sufficed to sustain his convictions. See OCGA § 16-6-4 (a); *Collins v. State*, 276 Ga. App. 358, 359-360 (1) (623 SE2d 192) (2005) (intent to arouse sexual desires through contact with minor may be inferred from defendant's conduct).

2. Haynes contends that the trial court erred in failing to give his requested jury instructions on (a) evidence merely creating suspicion of a defendant's guilt as insufficient to authorize a conviction, and (b) accident. We disagree.

(a) Where, as here, a trial court gives adequate instructions on the presumption of innocence and the State's burden to prove the charged offenses beyond a reasonable doubt, the trial court does not err in failing to give a charge regarding mere suspicion as being insufficient to support a conviction. *Jackson v. State*, 247 Ga. App. 273, 276 (2) (543 SE2d 770) (2000).

(b) OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." To establish an evidentiary foundation for an instruction on an affirmative defense such as accident, the defendant must admit to having committed an act that would constitute the crime charged. See *Parks v. State*, 234 Ga. 579, 583 (4) (216 SE2d 804) (1975) (accident is an affirmative defense); *Kelley v. State*, 235 Ga. App. 177, 179 (509 SE2d 110) (1998). The essence of the

defense of accident is that the defendant's act that otherwise would have been criminal was not done intentionally. See *Metts v. State*, 210 Ga. App. 197, 198 (435 SE2d 525) (1993).

Despite Haynes' statement to police that he may have touched his granddaughter's vagina by accident, his defense at trial was not that the touching occurred by accident, but that the incidents never happened at all. Indeed, the defense argued that Haynes never gave chocolate to his granddaughter and that he was never alone with his granddaughter such that any molestation could ever take place. The theory of the case as submitted to the jury was that the molestation either happened or it did not — not that it happened by accident. Since a charge on accident was not adjusted to the evidence, the trial court did not err in failing to give the requested charge. See, e.g., *Turner v. State*, 245 Ga. App. 294, 296 (4) (b) (536 SE2d 814) (2000).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 11, 2006.

*Valpey & Parks, Leonard C. Parks, Jr.*, for appellant.

*N. Stanley Gunter, District Attorney, Kerry I. Banister, Assistant District Attorney*, for appellee.