S12A1223. GAMBLE v. THE STATE.

(731 SE2d 758)

HUNSTEIN, Chief Justice.

A jury convicted Donald Hugh Gamble, Jr., of the murder of Quamaine Rickman in Richmond County.[1] Gamble contends that the evidence was insufficient and the trial court erred in its jury instructions. We affirm because the evidence was sufficient and there was no error in the jury charge, but vacate the conviction and sentence for felony murder due to a sentencing error.

---

[1] The shooting occurred on July 14, 2007, and Gamble was indicted on December 18, 2007, for malice murder, felony murder, and two firearm possession charges. On May 15, 2008, a jury found Gamble guilty of malice murder, felony murder, and possession of a firearm during the commission of a crime, and the State nolle prossed the second firearm possession charge. On June 12, 2008, the trial court sentenced him to concurrent sentences of life imprisonment for malice murder and felony murder and a consecutive five-year term of imprisonment for the firearm possession charge. Gamble filed a motion for new trial on June 16, 2008, which the trial court denied on September 1, 2011. Gamble filed a notice of appeal on September 8, 2011, and the case was docketed for the Court's April 2012 term and submitted for decision on the briefs.

1. The evidence presented at trial shows that Richard Owen drove Rickman, his roommate, to see someone about drugs that Rickman had not received during a cocaine buy earlier that evening. Owen parked in front of a white sport utility vehicle with two men standing in the street next to it. He watched through his driver's side mirror as Rickman talked to Gamble. Rickman began walking back to the car with Gamble following him, and they exchanged words. As Rickman opened the passenger side door, Owen heard a shot and saw Gamble moving towards the driver's side of the car with a gun in his hand. Owen next heard glass break and then saw Gamble fire a shot through the open window on the driver's side. Rickman was hit and died on the way to the hospital. An anonymous informant told police the nickname of the gunman. Owen provided a similar nickname and identified Gamble from a photographic lineup as the gunman. In a subsequent interview, Owen told police that Gamble was a back yard neighbor who had come to the house several times to sell drugs to Rickman. Gamble was arrested two months later in Dade County, Florida, based on an anonymous tip. In processing Owen's car, police found that bullets had entered on the driver's side through the rear wheel well cover and rear vent window. Three cartridge casings and two spent projectiles were found in the street. The medical examiner testified that Rickman died from a bullet that entered his left shoulder and cut his aorta before exiting on his right side, which was consistent with the path of the second bullet shot through the rear window. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Gamble guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first challenge to the jury instructions, Gamble contends that the trial court erred in failing to give his requested charge on eyewitness testimony that tracked the language of a proposed jury charge in *United States v. Burrous*, 934 FSupp. 525 (E.D.N.Y. 1996). Instead, the trial court gave the pattern jury instruction on identification testimony. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 1.35.10 (4th ed. 2009). A trial court does not abuse its discretion in refusing to give a jury charge in the exact language requested when the charge given substantially covers the correct principles of law. See *Stewart v. State*, 286 Ga. 669 (6) (690 SE2d 811) (2010). Viewing the jury charge as a whole, the trial court correctly instructed the jury on the factors that it may consider in assessing the reliability of the witness's identification testimony. See *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005); see also *Jennings v. State*, 285 Ga. App. 774 (3) (648 SE2d 105) (2007) (upholding trial court's

decision declining to give the charge proposed in *Burrous* on the limitations of identification testimony).

3. Gamble also challenges the trial court's charge that the jury was "only concerned with the guilt or innocence of the defendant," arguing that the language improperly shifted the burden of persuasion to him. We have previously rejected this argument, concluding that the instruction did not shift the burden of proof to the defense, whether considered alone or as part of the whole charge. See *Roberts v. State*, 276 Ga. 258 (4) (577 SE2d 580) (2003).

4. Gamble further contends that the trial court erred when it charged that the jury may consider the intelligence of a witness in assessing the witness's credibility. Since no objection was made to the instruction at trial, we review this contention for plain error. *State v. Kelly*, 290 Ga. 29 (1) (718 SE2d 232) (2011); OCGA § 17-8-58 (b). Under this standard, we must determine whether there is an error that has not been affirmatively waived, the legal error is clear and obvious, the error affects the defendant's substantial rights, and the error "seriously affects the fairness, integrity or public reputation" of the judicial proceedings. *Kelly*, 290 Ga. at 33 (citation and punctuation omitted). We have recently held that it is not reversible error to include intelligence as a factor in the jury charge on witness credibility. *Howard v. State*, 288 Ga. 741 (6) (707 SE2d 80) (2011); cf. *Walker v. State*, 305 Ga. App. 607 (7) (699 SE2d 902) (2010) (although charge is confusing and should not be given, it is not so harmful as to require reversal). Therefore, we conclude that Gamble has failed to show plain error.

5. Gamble's final contention is that the trial court gave an *Allen* charge that was coercive due to the language stating that it was the jury's duty to reach a verdict and the length of jury deliberations before and after the charge was given. See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). After the jury had deliberated for approximately two-and-a-half hours, it asked the trial court: "What do we do in the case of a hung jury?" In response, the trial court asked the jury whether any juror was refusing to deliberate and whether it was likely that further deliberations would result in a unanimous verdict. The jury answered "no" to each question. The State requested that the trial court give an *Allen* charge on the desirability of reaching a verdict, Gamble did not object, and the trial court announced that it would give the charge the following morning. Before the jury reconvened, the State asked the court to inquire on the nature of the jurors' split. Gamble's attorney objected to the additional question, stating that the *Allen* charge was appropriate and requesting that the court proceed in giving it. The trial court then

gave the pattern jury instruction, and the jury deliberated approximately 45 minutes before returning a verdict of guilty on all three counts. At Gamble's request, the jury members were polled on their verdict.

We reject Gamble's argument that the jury charge was impermissibly coercive. The charge given did not deviate from any legal rule. See *Scott v. State*, 290 Ga. 883 (6) (725 SE2d 305) (2012) (no error when defendant failed to identify any language in pattern charge or modified *Allen* charge that was potentially coercive). The fact that the charge was given after two hours of deliberation and a verdict was returned less than an hour later does not render it coercive. See id.; see also *Sharpe v. State*, 288 Ga. 565 (5) (707 SE2d 338) (2011) (length of deliberations alone cannot make a charge coercive). Because the trial court did not err in giving the pattern charge to the jury and Gamble affirmatively waived any objection by requesting that the charge be given, he has failed to establish the first prong of the plain error test.

6. Following the jury's verdict, the trial court sentenced the defendant to concurrent sentences of life imprisonment for malice murder and felony murder. Since there was a single victim, Gamble cannot be convicted and sentenced for both murder counts. See OCGA § 16-1-7 (a) (1); *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Accordingly, we vacate the separate judgment of conviction and sentence for felony murder and remand the case to the trial court for resentencing. See *Nix v. State*, 280 Ga. 141 (2) (625 SE2d 746) (2006).

*Judgment affirmed in part and vacated in part and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Peter D. Johnson*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.