**SECOND DIVISION**
**ANDREWS, P. J.,**
**BRANCH and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 10, 2016**

# In the Court of Appeals of Georgia

A15A2411. WATKINS v. THE STATE.

ANDREWS, Presiding Judge.

Following a jury trial, the Superior Court of Bibb County entered judgments of conviction against Winston Watkins for one count of aggravated child molestation (OCGA § 16-6-4 (c)) and three counts of child molestation (OCGA § 16-6-4 (a) (1)). The trial court denied Watkins' motion for new trial as amended. Watkins appeals, raising a multitude of errors. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing on Watkins' convictions for child molestation.

1. First, Watkins argues that the State failed to prove his guilt beyond a reasonable doubt.[1] We do not agree.

---

[1] In his enumeration, Watkins specifically asserts that the State did not "prove [Watkins] guilty of any crime beyond a reasonable doubt." However, the argument in support of the enumeration purports to allege the "general grounds" as well. See

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)]. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Bradford v. State*, 327 Ga. App. 621 (760 SE2d 630) (2014). Relevant to this case, a person commits aggravated child molestation "when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). See also OCGA § 16-6-2 (a) (1). In addition, child molestation occurs when a person "[d]oes any immoral or indecent act to or in the

---

OCGA §§ 5-5-20, 5-5-21. These are separate legal arguments with different standards for consideration. See *Copeland v. State*, 327 Ga. App. 520, 524, 525 (2) (759 SE2d 593) (2014). Furthermore, "[t]he decision to grant a new trial on grounds that the verdict is strongly against the evidence is one that is solely in the discretion of the trial court." (Citations and punctuation omitted). *Batten v. State*, 295 Ga. 442, 444 (1) (761 SE2d 70) (2014) (citing *Willis v. State*, 263 Ga. 597 (1) (436 SE2d 204) (1993)). Accordingly, we will only "review the case under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC[t] 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." Id.

2

presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1).

So viewed, evidence revealed that the ten-year-old female victim first met Watkins when he moved into her neighborhood on or about June 29, 2011. The two spoke when they saw each other, and the victim would visit Watkins at his residence. A neighbor also reported seeing Watkins kissing the victim on his front porch. In addition, Watkins' roommate claimed that the victim was at Watkins' residence "more than what she supposed to be" and that her constant presence "don't look too good."

At first, Watkins would hug the victim when the two met. However, Watkins began to touch the victim's breasts after hugging. He also began to touch her "private part area" both over and under her clothing. In addition, Watkins kissed the victim's "private area" as she lay naked on Watkins' bed and showed the victim his penis. Watkins also asked the victim to engage in sexual intercourse, but the victim declined. The touching happened on more than one occasion and occurred in Watkins' bedroom, which the victim was later able to describe to investigators.

The victim was scared to tell her mother about the abuse because Watkins told the victim "he's gonna tell my mom I let him do it." Ultimately, the victim asked her

3

mother to call police on January 1, 2012, and the victim disclosed the abuse when her mother asked her why she wanted to talk to police. For his part, Watkins denied that the victim had ever been inside his residence and that he had ever touched the victim inappropriately.

In sum, we conclude that the evidence adduced at trial was sufficient for a rational trier of fact to find Watkins guilty beyond a reasonable doubt of the crimes for which he was convicted, including aggravated child molestation (for placing his mouth on the victim's vagina (Count 1)) and child molestation (for touching the victim's vagina (Count 2) and breasts (Count 3) and exposing himself to the victim (Count 4)). *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Bradford*, 327 Ga. App. at 621; *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006) (testimony of a child molestation victim alone sufficient to authorize jury to find defendant guilty).

2. Next, Watkins contends the trial court erred in denying his plea in abatement because the indictment did not allege the date of Watkins' crimes with "sufficient certainty." Specifically, Watkins appears to argue that the State could have alleged the dates of Watkins' crimes more specifically than the June 30, 2011 to January 1, 2012 time frame contained in the indictment. We are not persuaded.

4

OCGA § 17-7-54 provides that an indictment must state with "sufficient certainty" the date of the alleged offense. See also *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005).

> Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates.

*O'Rourke v. State*, 327 Ga. App. 628, 631-632 (2) (760 SE2d 636) (2014) (citing *Layman*, 279 Ga. at 340-341); *Blanton v. State*, 324 Ga. App. 610, 614 (2) (751 SE2d 431) (2013) (same). To that end, "[i]n meeting its burden of showing that it is unable either to identify a specific date on which an offense occurred or to narrow the range of possible dates, the State is required to present some evidence and may not rely solely upon argument by counsel or mere speculation." *Blanton*, 324 Ga. App. at 615 (2).

Here, the State satisfied its burden. In each count of the indictment, the State alleged that Watkins committed the crimes charged "between the 30th day of June, 2011, and the 1st day of January, 2012, the exact date of the offense being unknown

5

to members of the Grand Jury. . . ." In response, Watkins filed a plea in abatement arguing that "the indictment does not allege the dates of the alleged crimes with enough specificity and does not list the dates of the alleged crimes with sufficient particularity." The trial court conducted an evidentiary hearing, during which the State presented testimony that Watkins moved into a residence in the victim's neighborhood on June 30, 2011; that the victim disclosed to her mother, on January 1, 2012, that Watkins had been molesting her; that the molestation began after Watkins moved to the neighborhood; and that the victim had been unable to articulate a more specific time frame for the molestation. In addition, the trial court reviewed a recording of the victim's forensic interview. At the conclusion of the hearing, the trial court observed that "[t]here is nothing that I have seen in the interview or heard from the witnesses that leads me to believe [the State] could have done anything other than what they've done." As a result, the trial court denied Watkins' plea in abatement.

The evidence produced during the hearing, particularly the details concerning the date of Watkins' arrival in the victim's neighborhood, that the molestation began thereafter, and the date upon which the victim disclosed the molestation, confirmed that the State was "unable either to identify a specific date on which an offense

occurred or to narrow the range of possible dates." See *Blanton*, 324 Ga. App. at 615-617 (2) (a). See also *O'Rourke*, 327 Ga. App. at 632 (2). Accordingly, we conclude that the trial court did not err in denying Watkins' plea in abatement.

3. In several enumerations, Watkins argues that the trial court erroneously declined to give several proposed jury instructions on a variety of issues, including accidental touching and certain lesser included offenses. Again, we find no error.

It is axiomatic that "[a] requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper." *McLean v. State*, 291 Ga. 873, 877 (5) (a) (738 SE2d 267) (2012) (citing *Stokes v. State*, 281 Ga. 875, 877 (3) (644 SE2d 116) (2007)). We examine each proposed instruction in turn.

(a) *Jury Charge No. 15*. First, Watkins requested a jury instruction on accidental touching. However, to support an instruction on accident, "the defendant must admit to having committed an act that would constitute the crime charged." *Haynes v. State*, 281 Ga. App. 81, 82 (2) (b) (635 SE2d 370) (2006). Therefore,"[t]he essence of the defense of accident is that the defendant's act is not intentional." Id. at 82-83 (2) (b); *Metts v. State*, 210 Ga. App. 197, 198 (2) (435 SE2d 525) (1993). In

this case, Watkins denied any touching occurred, accidental or otherwise. Accordingly, "[t]he theory of the case as submitted to the jury was that the molestation either happened or it did not — not that it happened by accident." *Haynes*, 281 Ga. App. at 83 (2) (b). Because Watkins' requested charge on accident "was not adjusted to the evidence, the trial court did not err in failing to give the requested charge." Id. Compare *Metts*, 210 Ga. App. at 198 (2) (accident charge required where defendant claimed he may have touched victim inadvertently when sleeping in the same bed with victim).

(b) *Jury Charge Nos. 16, 18, and 22-25*. In a series of proposed charges, Watkins asked the trial court to instruct the jury concerning the victim's delay in reporting the molestation, the victim's motive for testifying, and various factors the jury should consider in evaluating the victim's testimony. Watkins' arguments that the trial court erred in declining to give these proposed charges are unavailing.

Each of Watkins' proposed charges address the jury's assessment of the victim's credibility. "There is no error in refusing to give a requested charge where the applicable principles are fairly given to the jury in the general charge of the court." *Madison v. State*, 329 Ga. App. 856, 869 (6) (766 SE2d 206) (2014). See also *Gamble v. State*, 291 Ga. 581, 582 (2) (731 SE2d 758) (2012) ("A trial court does not

8

abuse its discretion in refusing to give a jury charge in the exact language requested when the charge given substantially covers the correct principles of law."). Here, the trial court instructed the jury that

> [t]he jury must determine the credibility of the witnesses. In deciding this you may consider all of the facts and circumstances of the case, including the witnesses' manner of testifying, their means and opportunity of knowing the facts about which they testify, the nature of the facts about which they testify, the probability or improbability of their testimony, their interest or lack of interest in the outcome of the case, and their personal credibility as you observe it.

Moreover, the trial court instructed the jury on impeachment of a witness and the manner in which impeachment may be shown. Viewing the trial court's jury charge as a whole, we conclude that the trial court properly instructed the jury on the factors it may consider in evaluating a witness' credibility. See *Gamble*, 291 Ga. at 582 (2). Accordingly, because the trial court's instructions substantially covered the correct principles of law, the trial court did not err in declining to give Watkins' proposed charges on witness credibility. See Id.; *Madison*, 329 Ga. App. at 869 (6).

(c) *Jury Charge Nos. 19 and 20.* Watkins also requested charges on the lesser included offenses of simple assault, simple battery, and sexual battery. "[W]here the state's evidence establishes all of the elements of an offense and there is no evidence

9

raising the lesser offense, there is no error in failing to give a charge on the lesser offense." *Madison*, 329 Ga. App. at 869 (6). Pretermitting whether simple assault, simple battery, and sexual battery can ever be lesser included offenses of child molestation, see *State v. Stonaker*, 236 Ga. 1, 3 (222 SE2d 354) (1976), *Madison*, 329 Ga. App. at 869-870 (6) (a) and *Rash v. State*, 207 Ga. App. 585, 588 (6) (428 SE2d 799) (1993), Watkins' proposed instructions were not tailored to the evidence in this case. At trial, Watkins denied any improper touching of the victim while the victim offered explicit testimony concerning Watkins' actions. "Under this testimony, [Watkins] either committed an act of child molestation or he did not." *Ney v. State*, 227 Ga. App. 496, 503 (4) (g) (489 SE2d 509) (1997). As a result, "[t]he evidence in this case offered the jury a choice between a completed crime or no crime." *Madison*, 329 Ga. App. at 870 (6) (a). It follows that there was no error in declining to give the proposed instructions on certain lesser included offenses. See *Haynes*, 281 Ga. App. at 83 (2) (b).

(d) *Jury Charge No. 26.* Related to the charge of aggravated child molestation, Watkins also requested an instruction on the lesser included offense of child molestation. As noted in Divisions 3 (a) and (c), supra, Watkins alleged that no contact occurred between the victim and himself. Accordingly, Watkins' requested

10

charge was not adjusted to the evidence and the trial court correctly declined to give the proposed instruction. See *Madison*, 329 Ga. App. at 869-870 (6) (a); *Haynes*, 281 Ga. App. at 83 (2) (b); *Ney*, 227 Ga. App. at 503 (4) (g).

4. Next, Watkins asserts that his conviction for child molestation (Count 2) should have merged into his aggravated child molestation conviction because the "conduct set out in both counts constitutes only one single act." We are not persuaded.

Watkins' argument necessarily "ignores the language of the indictment, which based each count on different conduct." *Carver v. State*, 331 Ga. App. 120, 122 (4) (769 SE2d 722) (2015). Count 1 charged Watkins with aggravated child molestation "by placing his mouth on the vagina of [the victim]." Count 2 alleged Watkins committed child molestation "by touching the vagina of [the victim]." The victim revealed that on one occasion Watkins kissed her vagina as she lay naked on Watkins' bed. See OCGA §§ 16-6-2 (a) (1), 16-6-4 (c). Additional trial testimony by the victim revealed that, on separate occasions, Watkins touched the victim's vagina over and under her clothing. See OCGA § 16-6-4 (a) (1). Because each count of the indictment charged Watkins with a separate and distinct crime, his convictions for those crimes did not merge for purposes of sentencing. See *Carver*, 331 Ga. App. at

11

122 (4); *Young v. State*, 327 Ga. App. 852, 861 (6) (a) (761 SE2d 801) (2014); *Cody v. State*, 324 Ga. App. 815, 827 (5) (b) (752 SE2d 36) (2013); *Smith v. State*, 320 Ga. App. 408, 413 (2) (a) (740 SE2d 174) (2013); *Metts v. State*, 297 Ga. App. 330, 336 (5) (677 SE2d 377) (2009).

5. Finally, Watkins contends that the trial court erred in sentencing him on each of his convictions for child molestation to a term of confinement rather than exercising discretion and imposing split sentences.[2] See OCGA § 17-10-6.2; *Spargo v. State*, 332 Ga. App. 410, 411-412 (773 SE2d 35) (2015). We agree.

Prior to trial, the State filed a notice of intent to produce Watkins' prior convictions in aggravation of sentencing. Watkins' prior convictions included possession of drugs by an inmate, aggravated assault, terroristic threats, entering an automobile, and burglary.[3] Based upon these convictions, the trial court sentenced Watkins as a recidivist to life in prison on Count 1 (aggravated child molestation), 20 years in confinement on Count 2 (child molestation) consecutive to Count 1, and 20

---

[2] We note that the State did not address this alleged error in its appellee's brief.

[3] Although Watkins objected to the admission of certified copies of the first three convictions, the trial court admitted each over objection. Those rulings are not assigned as error and, as a result, we need not review them. Watkins did not object to the admission of the last two convictions.

years in confinement on Counts 3 and 4 (child molestation) concurrent with Count 2. See OCGA § 17-10-7 (c).

Watkins asserts that OCGA § 17-10-6.2 required the trial court to sentence him on the three child molestation convictions to a split sentence of confinement and probation. Our analysis begins with OCGA § 16-6-4 (b) (1), which provides that "a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years *and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7.*" (Emphasis supplied). Next, OCGA § 17-10-7 (c) provides

> any person who, after having been convicted under the laws of this state for three felonies . . ., commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

However, because Watkins had no prior conviction for child molestation, Watkins' sentences were also governed by OCGA § 17-10-6.2 (b), which states, in part, that "*notwithstanding any other provisions of law to the contrary*, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the

13

minimum term of imprisonment specified in the Code section applicable to the offense."[4] (Emphasis added). As a result, the General Assembly has mandated that in cases in which a defendant is convicted of a "sexual offense,"[5] the trial court must include a term of probation in its sentence except in certain circumstances. See OCGA § 17-10-6.2 (b), (c); *Spargo*, 332 Ga. App. at 411; *Clark v. State*, 328 Ga. App. 268, 269, 270 (1) (761 SE2d 826) (2014); *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014).

As we have noted recently, "[OCGA § 17-10-6.2] authorizes the trial court to issue a split sentence that includes at least five years of imprisonment and at least one year of probation, for a total of no more than twenty years."[6] *Clark*, 328 Ga. App. at 270 (1). Because the trial court failed to impose a split sentence, we vacate Watkins'

---

[4] "Sexual offense," by definition, includes child molestation. OCGA § 17-10-6.2 (a) (5). The definition does not include aggravated child molestation.

[5] See OCGA § 17-10-6.2 (a).

[6] Indeed, a sentence totaling 20 years would be required under the sentencing in this case. See OCGA § 17-10-7 (c). See also *New*, 327 Ga. App. at 109 (Ray, J., concurring); *Jefferson v. State*, 309 Ga. App. 861, 865 (2) (711 SE2d 412) (2011) ("although OCGA § 17-10-7 (c) prohibits parole, it does not dispense with the trial court's discretion to probate or suspend part of a sentence") (punctuation omitted), overruled in part on other grounds, *Maddox v. State*, 322 Ga. App. 811 (746 SE2d 280) (2013).

14

sentences for the three child molestation convictions[7] and remand for resentencing. See *Spargo*, 332 Ga. App. at 411; *Clark*, 328 Ga. App. at 270 (1).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Branch and Peterson, JJ., concur.*

---

[7] Watkins' life sentence for the crime of aggravated child molestation is affirmed. See OCGA §§ 16-6-4 (c), (d) (1); 17-10-7 (c).

15