**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A1142. MCMURTRY v. THE STATE.

RAY, Judge.

A jury convicted Jerome McMurtry of one count of sexual battery (OCGA § 16-6-22.1) as a lesser-included offense to child molestation and two counts of child molestation (OCGA § 16-6-4) under a redacted indictment.[1] The convictions resulted from his actions toward A. L., a 10-year-old girl. He appeals from the denial of his motion for new trial, arguing that the trial court erred in denying his motion for new trial on the general grounds; in refusing to instruct the jury on simple battery as a lesser-included offense to child molestation; and in admitting A. L.'s prior out-of-court statements. He also argues that the State failed to disprove his defense of

---

[1] The jury acquitted McMurtry of one count of child molestation, and the trial court entered an order of nolle prosequi as to three additional counts of child molestation.

accident and that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

Under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that McMurtry stayed as a guest in A. L.'s home in December 2013. He is A. L.'s great uncle. A. L. testified that he "would say nasty things" to her, "[l]ike you're sexy or stuff like that." She testified that at one point while they both were clothed, he told her to "get on the floor," got behind her, and "dry-humped" her while laughing. On another occasion, McMurtry told A. L. to "sit on his lap," but when her mother opened the garage door, he told her to get off and not to tell anyone. Additionally, when using the bathroom, he left the door open, then told her to "look, I'm done[,]" and when she looked, his penis was out. One night, after she had gone to bed, she felt "something down near in my private part" and awoke to find him bending over her, with his hand in her nightclothes, "pushing up like into my private part." She told McMurtry to "get out." She then woke her parents, telling them that McMurtry "put his hands in my pants. Well, on me." When A. L.'s mother confronted McMurtry shortly after her daughter's outcry, he initially said he was looking for the remote. When she challenged him, saying, "under her covers?" he then said, "I was just playing with her."

2

At trial, McMurtry testified in his own defense. When the State asked McMurtry if his explanation was that he was just looking for a remote control "in a ten-year-old girl's bed between her legs[,]" he responded that "everybody looks for a controller in that house, man . . . [everybody] pulled up the cover. I've done it, the father been there and done it. I mean looking for the controller. Wasn't no hanky-panky towards his daughter. . . . I did not molest her."

He testified that he was drunk on the evening that A. L. reported the inappropriate touching. He stated that during the week he stayed at A. L.'s house, he was drunk for two or three days and that his "pattern" was to black out, and "when you're blackout drunk, you don't know what you're doing." However, he acknowledged that he did remember a little bit about the evening when A. L. said he touched her inappropriately and recalled interactions with A. L.'s parents, although he said he could not recall touching A. L. He agreed that when police, in a recorded interview, asked if he touched A. L.'s vagina, he responded that he was "stone drunk. I don't know what I did[,]" and acknowledged that this was a "contradiction" to his outright denial that he had molested her.

A. L.'s mother testified that although McMurtry had been drinking earlier during the day that A. L. said he molested her, the mother was familiar with what he

3

was like when drunk. She testified that, by contrast, when she confronted him shortly after A. L. had reported the touching around midnight, he was walking, talking and coherent.

1. McMurtry contends that the trial court "abused its discretion when it failed to grant a motion for new trial on the general grounds" as to Count 2 of the redacted indictment.[2] This count accused McMurtry of "rubbing [A. L.'s] vagina over the clothing with the intent to arouse and satisfy the sexual desires of said accused[.]" He argues that the evidence was "insufficient" to show the intent required by OCGA § 16-6-4 (a). He essentially contends that as there was no evidence to show he was not intoxicated and that his intoxication precluded his ability to form the requisite intent when he touched A. L.

> [A] motion for new trial based on OCGA § 5-5-20, i.e., that the verdict is contrary to the evidence, addresses itself only to the discretion of the trial judge. Whether to grant a new trial based on OCGA § 5-5-21, i.e., that the verdict is strongly against the evidence, is one that is solely in the discretion of the trial court, and the appellate courts do not have the same discretion to order new trials. Thus, even when an appellant asks this Court to review a trial court's refusal to grant a new trial on the general grounds, this Court must review the case under the standard set

---

[2] He does not raise this challenge as to his other convictions.

4

forth in *Jackson v. Virginia*, supra, that is, if the evidence viewed in the light most favorable to the prosecution, supports the verdict or verdicts.

(Citations and punctuation omitted.) *Allen v. State*, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015). The record shows that the trial court correctly exercised its discretion. See *Leggett v. State*, 331 Ga. App. 343, 345 (2) (771 SE2d 50) (2015) (appellate courts will not presume that a trial court erred where such fact does not affirmatively appear).

Despite McMurtry's contentions that his intoxication negated his intent, McMurtry testified that on the night of the touching and outcry, he was drinking with A. L.'s parents and that he visits them for that purpose: "I go over there to drink." As McMurtry's own testimony indicates that he drank voluntarily on the night in question and on other days implicated in the indictment, his alleged intoxication cannot negate his intent. OCGA § 16-3-4 (c) ("Voluntary intoxication shall not be an excuse for any criminal act"). Compare OCGA § 16-3-4 (a) and (b).

Further, A. L.'s mother testified that when she confronted McMurtry that night after her daughter reported the inappropriate touching, he was walking and talking, was not incoherent and had not been drinking to the point where he "had no idea" what had happened. A. L. testified, as outlined above, to McMurtry's inappropriate

5

touching. Witness credibility is, of course, for the trier of fact rather than this Court. *Couch v. State*, 248 Ga. App. 238, 238 (1) (545 SE2d 685) (2001) (where defendant testified that he fondled underage girl in the shower because it was too dark to see and he thought she was his wife, jury was authorized to believe child's testimony that it was light enough to see). Here, a trier of fact could reasonably question McMurtry's credibility given that he testified that he had "blacked out" and could not recall what happened, yet also testified that he knew he was looking for the remote in the child's bed. A trier of fact could reasonably believe from the evidence that McMurtry was not looking for the remote but was in fact touching a 10-year-old's private parts with the intent to sexually arouse himself. *Brown v. State*, 295 Ga. App. 542, 543-544 and n. 7 (672 SE2d 514) (2009) (jury was authorized to infer intent where child testified that defendant exposed himself to her, but defendant testified that he was asleep on the couch and that child must have looked up his shorts). We find no error.

2. McMurtry argues that the State failed to disprove his defense of accident, on which the jury was instructed, beyond a reasonable doubt. See OCGA § 16-2-2. McMurtry contends that no witness testified that he was not drunk and searching for a remote when he lifted the covers on A. L.'s bed, and that in his drunkenness, any touching was accidental rather than intentional. However, given the evidence outlined

6

above, including but not limited to the testimony from A. L. that McMurtry's hand was "in my dress" and was "pushing up like into my private part" and the mother's testimony that McMurtry was not incoherent immediately after the incident, the trier of fact was authorized to find that the State met its burden. *Black v. State*, 261 Ga. App. 263, 264-265 (1) (582 SE2d 213) (2003).

3. McMurtry argues that the trial court erred in refusing to instruct the jury on simple battery as a lesser-included offense of child molestation. We find no error.

While the transcript shows that McMurtry's defense counsel verbally asked the trial court to charge simple battery as a lesser-included offense, his written request seeks a lesser-included charge on battery. Simple battery and battery are separate crimes. Compare OCGA § 16-5-23 (a) (simple battery) with OCGA § 16-5-23.1 (battery).[3] McMurtry points us to no written request to charge on simple battery. "A trial judge never errs in failing to instruct the jury on a lesser included offense where there is no written request to so charge." (Punctuation and footnote omitted.) *Elrod*

_____

[3] Both statutes recently have been amended. See Laws 2015, Act 40, § 3-2, eff. July 1, 2015 (OCGA § 16-5-23) and Laws 2016, Act 518, §1, eff. July 1, 2016 (OCGA § 16-5-23.1). We have considered the version of the statutes in effect at the time the offenses were committed. See Laws, 2011, Act 56, §3, eff. July 1, 2011 (OCGA § 16-5-23) and Laws 2011, Act 56, § 4, eff. July 1, 2011 (OCGA § 16-5-23.1).

*v. State*, 316 Ga. App. 491, 494 (2) (729 SE2d 593) (2012). An oral request to charge does not alter this mandate. *Benefield v. State*, 204 Ga. App. 87, 87 (418 SE2d 447) (1992).

Further, even pretermitting McMurtry's failure to make a written request to charge on simple battery, the trial court did not err because the evidence failed to support such a charge. See *Williams v. State*, 252 Ga. App. 280, 280 (556 SE2d 170) (2001) (even absent a written request, appellate courts review erroneous charges for substantial error that was harmful as a matter of law). "It is axiomatic that a requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper." (Citations and punctuation omitted.) *Watkins v. State*, 336 Ga. App. 145, 149 (3) (784 SE2d 11) (2016).

OCGA § 16-5-23 (a) provides that "[a] person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." Where, as here, the evidence presented by the State has established all the elements of the offense of child molestation, and no evidence raises the lesser offense, a trial court does not err in failing charge on the lesser offense. *Watkins*,

8

supra at 150 (3) (c). Here, McMurtry denied touching A. L.'s vagina and other inappropriate touching, but he also testified that he did not not recall touching her and acknowledged telling a police officer that he did not know what he did because he was drunk.

> Under this testimony, [McMurtry] either committed an act of child molestation or he did not. As a result, the evidence in this case offered the jury a choice between a completed crime or no crime. It follows that there was no error in declining to give the proposed instructions on [the] lesser included offense[].

(Citations and punctuation omitted.) *Watkins*, supra. Accord *Brooks v. State*, 197 Ga. App. 194, 194-195 (1) (397 SE2d 622) (1990) (questioning whether simple battery can ever be a lesser included offense to child molestation, and finding no error in refusal to charge where defendant denied inappropriately touching victim but also said he did not recall what had happened because he was intoxicated). The trial court did not err.

4. McMurtry contends that the trial court erred in admitting the testimony of A. L.'s mother and a police officer regarding A. L.'s prior out- of-court statements to them about his inappropriate sexual contact with her. He argues that the statements failed to meet the criteria in OCGA §§ 24-8-801 and 24-8-820. As these claims of

9

error were not preserved by objection below, we review McMurtry's contentions only for plain error affecting his substantial rights. OCGA § 24-1-103 (d).

(a) McMurtry argues that the trial court erred under OCGA § 24-8-820 in admitting the testimony of the police officer and A. L.'s mother regarding the victim's statements to them about McMurtry's improper actions. His argument is specifically limited to the contention that the officer's and mother's statements lacked specific indicia of reliability. However, as McMurtry concedes in his appellate brief, the version of OCGA § 24-8-820[4] applicable here, unlike its predecessors,[5] contains no such requirement. We decline to add judicially a requirement that the legislature did not include. See generally *Cox v. Fowler*, 279 Ga. 501, 502 (614 SE2d 59) (2005) (we must attach significance to the legislature's removal of limiting language in a statute). See also *Hunt v. State*, 336 Ga. App. 821, 828 (2) (b), n. 5 (783 SE2d 456) (2016) ("For offenses occurring on or after July 1, 2013, a showing of indicia of reliability is no longer a requirement for allowing child hearsay evidence") (citations omitted).

---

[4] See Laws 2013, Act 84, § 13, eff. July 1, 2013. The crimes at issue occurred after the effective date of this amendment, in December, 2013.

[5] See generally OCGA § 24-3-16 under the old evidence code, which was replaced by the initial version of OCGA § 24-8-820 (Laws 2011, Act 52, § 2), which was effective from January 1, 2013, until June 30, 2013.

The applicable version of OCGA § 24-8-820 provides:

> A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another . . . shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial . . . and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

The State provided the statutorily required notice of intent. The other statutory requirements also were met, in that A. L., who is under 16 years of age, testified at trial about the sexual abuse and both her mother and the police officer were available for cross examination about the out-of-court statements. McMurtry has failed to show error, plain or otherwise.

(b) Given our finding that A. L.'s out-of-court statements were admissible under OCGA § 24-8-820, we need not evaluate their admissibility under OCGA § 24-8-801 (d) (1) (A) (a prior out-of-court statement is not hearsay if the declarant testifies at trial, is subject to cross examination regarding the statement, and the statement, inter alia, "is otherwise admissible other this chapter").

11

5. McMurtry argues that his trial counsel was ineffective in failing to object to the above-referenced statements by the police officer and A. L.'s mother regarding A. L.'s out-of-court statements given that counsel did not "affirmative[ly]" raise recent fabrication, improper influence, or improper motive during A. L.'s cross-examination. To prevail on an ineffective assistance claim, McMurtry

> was required to show both that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability [that] the outcome of the proceedings would have been different. . . . The likelihood of a different result must be substantial, not just conceivable. . . . [W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

As discussed in Division (4) (a), supra, given that the out-of-court statements were properly admitted under the applicable child hearsay statute, OCGA § 24-8-820, "trial counsel had no grounds for challenging this testimony and cannot be adjudged ineffective for failing to object to it." (Citation omitted.) *Hendrix v. State*, 298 Ga. 60, 65-66 (2) (c) (779 SE2d 322) (2015).

*Judgment affirmed. Doyle, C. J., and Andrews, P. J., concur.*

12